UNITED STATE DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 09-80-P-H** |
| | ) | |
| **PHOEUN LANG,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |

## ORDER ON DEFENDANT'S RENEWED MOTION FOR JUDGMENT OF ACQUITTAL ON ALL COUNTS OR ALTERNATIVELY FOR A NEW TRIAL ON COUNT 2

The motion for acquittal and for new trial is **DENIED**.

I stated on the record at the beginning of the trial and at the close of the Government's case the reasons why the challenged documents and testimony were admissible. No more need be said on that topic. At the end of the Government's case, I denied the defendant's motion for judgment of acquittal because there was sufficient evidence for the jury to find beyond a reasonable doubt that the defendant committed each of the charged crimes. I adhere to that ruling. Arguments about Ms. Michaud's lack of specific recollection and arguments about the procedures she followed in asking questions on the form and the absence of testimony by the Customs & Immigration Service employee who asked questions on the day the defendant obtained citizenship were all appropriate for the jury to consider in deciding whether the Government had proven its case. Nevertheless, the Michaud testimony along with the evidence

of routine practice and the exhibits that were admitted, including stipulations, were sufficient for the jury to find beyond a reasonable doubt that the defendant had the necessary knowledge and intent (knowledge and intent often must be proven circumstantially).[1]

SO ORDERED.

DATED THIS 11TH DAY OF JANUARY, 2010

/s/D. Brock Hornby
**D. BROCK HORNBY**
UNITED STATES DISTRICT JUDGE

---

[1] I do not agree with the defendant's argument that Ms. Michaud "acknowledged that her determinations regarding Mr. Lang's statements should not be deemed reliable because of her methodology" or that she "admitted that she did not follow CIS requirements when questioning Mr. Lang." Phoeun Lang's Renewed Mot. for J. of Acquittal on All Counts or Alternatively for a New Trial on Count II at 7 (Docket Item 64). There was certainly some tussling between Ms. Michaud and the defendant's lawyer over what procedures she followed in questioning the defendant (*e.g.*, whether re-wording a question on the same subject matter was actually a "new" question that had to be recorded), but nothing that would deprive the jury verdict of sufficient evidentiary support.